## IN RE: CITATION OF JOHN H. DALE
### Case No. 90-1304CO
County Court, Leon County

March 29, 1990

### APPEARANCES OF COUNSEL

**Danni Vogt, Esquire,** for defendant, John Dale.

**Ben Wilkinson, Esquire,** Leon County Attorney.

**James English, Esquire,** Tallahassee City Attorney.

**Steve Parton, Esquire,** Assistant State Attorney.

### OPINION OF THE COURT

KATHLEEN F. DEKKER, County Judge.

#### *ORDER ON MOTION TO DISMISS CITATION AND ENJOIN ENFORCEMENT*

THIS CAUSE having come before the Court on the above motion and the Court having heard argument of the parties, and having reviewed the file and having received memoranda, hereby

**FINDS, ORDERS AND ADJUDGES as follows:**

1. JOHN DALE was cited for having four dogs running at large (Section 4.36(a) of the Leon County Code) and having the animals fail to display current rabies tags (Section 4.34(b) of the Leon County Code).

2. The officer wrote in "Court only" in the blank provided for minimum payable fine on the citation.

3. The Motion to Dismiss raises several issues which the Court will address separately.

4. Paragraphs 1, 2, and 3 urge that the mandatory court appearance requirement is invalid since it conflicts with State law. The Court finds that this argument is valid and that the requirement of mandatory court in the Leon County Code cannot be enforced.

5. To analyze the statute as well as the ordinances, the Court must first interpret Section 828.27(5), Florida Statutes (1989) which provides:

> Nothing contained in this section shall prevent any county or municipality from enacting any ordinances relating to animal control or cruelty which is identical to the provisions of this chapter or any other state law, except as to penalty. However, no county or municipal ordinance relating to animal control or cruelty shall conflict with the provisions of this chapter or any other state law.

The Court interprets the first sentence of this section to mean that counties and municipalities may enact ordinances which are identical to and go beyond this chapter or other state law; except the penalty must remain a civil penalty up to $500. Otherwise, as to the second sentence of this Section, the procedural or substantive provisions in Chapter 828 (or other state law) are limiting only to the extent that there is an actual conflict. The language in subsection (5) is impossibly contradictory, but the foregoing interpretation seems most consistent with general law and with giving effect to the other detailed provisions of Chapter 828.[1]

---

[1] 1. Article VIII, Sections 1(f) and (g), Fla. Const. (as amended 1984) provide counties have powers of self-government "not inconsistent" with general law. Chapter 828 is the most specific general law relating to animal control ordinances and the subject matter at issue. Persons violating county ordinances shall be prosecuted and punished only as provided by law. Article VIII, Section 1(j), Fla. Const. Chapter 828 preempts the area of animal control to the extent it specifies required provisions in such county ordinances. If the County ordinance is not inconsistent therewith, it is valid; to the extent it is inconsistent, it is invalid. But by its terms, Chapter 828 was

6. The issue is whether the "mandatory court appearance" clearly provided for under the Leon County Code, Sections 4-41(b)(7) and 4-41.5(b)(1)(a) conflicts with the state law. (The city code has a similar provision.) The Court finds that there is a conflict.

7. Section 828.27(2)(c) provides:

(2) The governing body of a county or municipality is authorized to enact ordinances relating to animal control or cruelty, which ordinances *shall* provide:

. . .

(c) A civil penalty of less than the maximum civil penalty if the person who has committed the civil infraction does not contest the citation [emphasis added.]

Also, Section 828.27(1)(f), Subparagraphs 9. and 10. state that the citation *"shall"* contain:

9. The applicable civil penalty if the person elects not to contest the citation.

10. A conspicuous statement that if the person fails to pay the civil penalty within the time allowed or fails to appear in court to contest the citation, he shall be deemed to have waived his right to contest the citation and that, in such case, judgment may be entered against the person for an amount up to the maximum civil penalty.

8. In construing these statutory provisions together, the legislature intended to preclude a mandatory court appearance for someone who did not wish to contest the citation and to afford that person the right to pay a fixed fine as provided in the citation. Mandatory court appearances are limited to those wherein the offender wishes to contest the citation. This is much like the practice regarding civil traffic infractions. The legislature specifically requires mandatory court in only limited circumstances. See *e.g.,* Sections 318.18, 318.19, Florida Statutes (1989). Notably, setting a fixed civil penalty serves a prudent and laudable purpose, *i.e.,* without jeopardizing the County's right to more harshly penalize aggravating circumstances, the procedure minimizes judicial hearings merely to set uncontested fines. This Court notes that animal control cases are a significant portion of the current docket in misdemeanor division. Recently, the legislature approved hearing officers in certain counties to relieve judges of hearing civil

not intended to completely preempt the area of animal control. See *Broward County v Ft. Lauderdale Christian School,* 366 So.2d 1264 (Fla. 4th DCA 1979). Also *City of Miami Beach v Amoco Oil Company,* 510 So 2d. 609 (Fla. 3d DCA 1987).

traffic infractions. It seems unlikely the legislature intended for other civil infractions to require more judicial and clerical time and expense than is necessary. Furthermore, other remedies exists to complement the fine system in animal control cases such as civil tort remedies by victims and "dangerous animal" ordinances allowing euthanasia and other remedies.

9. Accordingly, if the county wishes to punish aggravating cases differently, it should define those cases and set a fixed civil penalty to be paid if the case is uncontested.

10. The mandatory court provisions in the ordinance are severable from the rest of the ordinance. See Ordinance 88-17, Section 19, *Severability.*

11. Paragraph 4 of the motion contests the ordinance as violating due process of law because it provides that any person contesting this citation waives the right to pay the minimum fine. Notably, this is also provided for by statute, so if the ordinance is invalid, the statute is also unconstitutional. See Section 828.27(1)(f)10. The argument presented by MR. DALE is flawed because it assumes that the Court is required to impose a greater civil penalty than the minimum. However, the Court interprets these provisions consistent with the practice as to other civil infractions. Accordingly, an offender, by his or her own decision to contest the fine, may do so and be found not guilty and pay no penalty; be found guilty and ordered to pay the minimum fine; or be found guilty and ordered to pay any amount including the minimum civil penalty by ordinance up to the maximum penalty of $500. The fixed minimum penalty may be paid by anyone without having the circumstances of the case or the person's prior record scrutinized by a judge. Accordingly, an offender takes a calculated risk by contesting the charge and opening up the facts and a history to court scrutiny. This procedure is not a denial of due process.

12. MR. DALE challenges the terms "at large" and "direct control" as being unconstitutionally vague. Leon County Code Section 4-33. The Court finds that the definitions provided are sufficiently clear to a person of ordinary and common understanding.

13. MR. DALE states that he does not own the dog and therefore the citation should be dismissed. However, this allegation must properly await the outcome of a hearing if he chooses one. Additionally, the Court notes that Section 4-33 of the Leon County Code defines "Owner" as follows:

Any person or corporation owning, harboring, or keeping any

animal, or in the case of a person under the age of eighteen (18), that person's parent or legal guardian.

Accordingly, the definition of "Owner" includes the keeper of an animal.

14. The Court acknowledges this is a civil infraction that the State Attorney is not required to prosecute.

15. Because the citation fails to set forth "the applicable civil penalty if the person does not wish to contest the citation", the motion to dismiss the citation is granted without prejudice for the animal control officer to file and serve another citation. As to the citation filed in this cause and the rulings herein, this is a final Order from which appeal must be taken in thirty days. This Court certifies that this final Order concerns matters of great public importance in that "mandatory court" provisions impact the judiciary and concern the broad regulatory powers of city and county government. Fla. R. App. P. 9.030(b)(4)(A).

DONE AND ORDERED this 29th day of March, 1990, in Leon County, Florida.